**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EULALIA GASPAR-BARTOLO, | No. 11-71704 |
| Petitioner, | |
| | Agency No. A088-915-319 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Eulalia Gaspar-Bartolo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's decision denying her application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and remand.

In evaluating Gaspar-Bartolo's claim of past persecution, the BIA found that the harm that she suffered did not rise to the level of persecution. However, in reaching this conclusion, the BIA did not have the benefit of our intervening decision in *Mendoza-Pablo v. Holder*, 667 F.3d 1308 (9th Cir. 2012). Gaspar-Bartolo established that when she was a child, her father fled into exile and she, her mother, and her siblings were forced to abandon their home multiple times due to credible threats of abduction and death that they received from guerrillas. *See id.* at 1314 ("being forced to flee from one's home in the face of an immediate threat of severe physical violence or death is squarely encompassed within the rubric of persecution"); *see also Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007) ("injuries to a family must be considered in an asylum case where the events that form the basis of the past persecution claim were perceived when the petitioner was a child"). Accordingly, we grant the petition for review and remand to the BIA for further proceeding on Gaspar-Bartolo's asylum and withholding of removal claims.

In light of this disposition, we do not reach Gaspar-Bartolo's due process claim.

Gaspar-Bartolo does not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW GRANTED; REMANDED**.